## THE MARATHON *v.* THE ANDREW HICKS.

*(District Court, D. Massachusetts. August 4, 1885.)*

COLLISION — STEAM-SHIP AND BARK — ATLANTIC OCEAN — FOG — SPEED — FOG-HORN.

A speed by a steam-ship of 10½ knots an hour in a dense fog is immoderate even in mid-ocean. Steam-ship held liable for collision with whaling bark.

In Admiralty.

*Geo. Putnam,* for the Marathon.

*C. T. Russell* and *C. T. Russell, Jr.,* for the Andrew Hicks.

NELSON, J. These are cross-libels for a collision between the Cunard steam-ship Marathon and the whaling bark Andrew Hicks, of New Bedford. The collision occurred in a thick fog in the Atlantic ocean, in latitude 50 deg. 31 min. N., longitude 22 deg. 51 min. W., at about 5 o'clock of the afternoon of July 1, 1882. The wind was light, from the south-west, and the sea smooth. The Hicks was cruising for whales. She was close-hauled on the starboard tack, her course being S. S. E. The Marathon was on a voyage from Liverpool to Boston. Her course before the collision was W. by N. She heard and saw nothing of the Hicks, and took no measures to avoid her, until they were so close together that the collision was inevita-

ble. The Hicks struck the Marathon end on, upon the starboard bow. The Marathon suffered considerable damage, but the injuries to the Hicks were so severe that she was obliged to return to port, and her voyage was broken up. The charge against the Marathon is that she was going at an immoderate speed. I am of opinion that this charge is fully sustained by the evidence. The maximum speed of which she was capable was between 12 and 13 knots. Her average sea-speed, in good weather, was from 11 to 12 knots. Just before the collision she was running at the rate of $10\frac{1}{2}$ knots. The fog was so thick that an approaching vessel could not be seen twice her length off. Such a rate of speed in such a fog must be pronounced immoderate, even in mid-ocean. The fault attributed to the bark is that she failed to give signal of her approach by sounding a proper fog-horn. That her horn was blown constantly for some time before the collision does not admit of a doubt. The evidence of the men on the bark is clear and positive on the point. I see no reason not to believe their statements. At least one blast of her horn was heard on the steam-ship before she came in sight. The horn was of the usual dimensions, and such as is always carried by vessels of her class. I do not think any fault is shown on the part of the bark.

In the suit against the Marathon, an interlocutory decree is to be entered for the libelants; the libel of the Cunard Steam-ship Company against the owners of the Hicks is to be dismissed, with costs.